IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GIMME GOLF TOOL LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>Defendants. | Civil Action No.: 25-cv-15743<br><br>Honorable Judge Mary M. Rowland<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff Gimme Golf Tool LLC ("Plaintiff") respectfully requests this Court to enter an order authorizing service of the Amended Complaint, the Summons, and other relevant documents by alternative means, by electronically publishing a link to the said documents, or by sending to the e-mail address(es) provided for Defendants by the third party that includes said documents. Plaintiff submits that providing notice via electronic publication or e-mail, along with any notice that Defendants receive from third parties, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Seller aliases – like Defendants – do not generally provide any reliable means by which they may be identified or contacted beyond the limited, fictitious public information. *See* **Exhibit C** to Plaintiff's Amended Complaint. Defendants are entities or individuals operating out of the nation of China or other foreign nation. *Id*. Upon information and belief, Defendants have utilized

1

Amazon, Temu, and likely other marketplace platforms through a desire to remain anonymous to evade Plaintiff's attempts to police their intellectual property rights and the authority of this Court.

Particularly, in this instance, Defendants list a Chinese or other foreign address on their respective marketplace platforms, and a simple Google search does not reveal any business entity matching the fictitious alias name. *See* **Exhibit C** to Plaintiff's Amended Complaint.

Further, based on Schedule A case law and personal experience, the email address(es) linked to the alias appears to be one of the only – if not the only – accurate contact information provided by the creator of the alias. In general, the email address must be accurate for the alias to continue operation and link to their financial account on the platform, and as a result, must be maintained and monitored by the registrant(s) of this alias. As a result, alternative service via email is the means most reasonably calculated to provide notice or communicate to Defendants.

Rule 4(f) provides that serving an individual in a foreign state may be accomplished under three means. First by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service of Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). Finally, "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

As stated above, based on research, Defendants are of Chinese or other foreign nationality and have chosen to take advantage of the anonymity provided by the Amazon, Temu, and likely other online marketplaces in order to violate Plaintiff's intellectual property rights. As such, Plaintiff seeks leave to serve Defendants via email or electronic publication. Plaintiff believes that

this is the means most "reasonably calculated to give notice" and in fact, the only reliable means available for Plaintiff to effect service.

In fact, courts in this circuit and numerous other circuits have upheld service by email in circumstances similar to this. *See JACKI EASLICK, LLC et al v. CJ EMERALD et al.* No. 2:23-cv-02000, ECF No. 16 (W. D. Pa. Nov. 20, 2023) (granting alterative service against anonymous online marketplace aliases); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co*., 2008 U.S. Dist. LEXIS 97241, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by e-mail and facsimile, and noting that because the "Hague Convention does not prohibit service by e-mail or facsimile, such means may be authorized under Rule 4(f)(3)."); *see also Philip Morris USA v. Veles Ltd*., 2007 U.S. Dist. LEXIS 19780, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where on-line stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications"). Furthermore, there is no requirement that Plaintiff attempts service by any other means before seeking alternative service under Fed. R. Civ. P. 4(f)(3). *See Flava Works, Inc. v. Doe*, No. 12 C 5844, 2013 U.S. Dist. LEXIS 57588, at *17-18 (N.D. Ill. Apr. 19, 2013); *see also issue Phx. Process Equip. Co. v. Capital Equip. & Trading Corp*., 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017); *Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010); and *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-cv-564, 2013 U.S. Dist. LEXIS 200012, at *7 (S.D. Ohio Aug. 21, 2013). Plaintiff must only "make a showing as to why alternative service should be authorized." *Id*. at 18. Here, as shown above, alternative service

3

should be authorized because there is no other reliable means available for Plaintiff to effect service.

Finally, as stated above, Plaintiff believes Defendants have used Amazon, Temu, and other marketplaces in order to remain anonymous and evade enforcement efforts by trademark, patent, and copyright holders. *See* **Exhibit C** to Plaintiff's Amended Complaint. Importantly, Article 1 of the Hague explicitly states that "[t]his convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, 20 UST 361, TIAS 6638, 658 UNTS 163. Therefore, the Hague Convention in no way prohibits the alternative service requested by Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail or electronic publication.

DATED January 6, 2026                                    Respectfully submitted,

                                                   /s/ Ge (Linda) Lei

                                                   Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*

4